## WHITE CROSS HOSPITAL ASSN et v SATER et

Ohio Appeals, 2nd Dist, Franklin Co

No 2500.   Decided May 29, 1935

James A. White, Columbus, Lawrence R. Pugh, Columbus, and Leonard Nash, Columbus, for plaintiffs in error.

C. C. Crabbe, Columbus, Garek & Sillman, Columbus, John Kennedy, Columbus, O. E. Davis, Columbus, and B. W. Gearhart, Columbus, for defendants in error.

Lowry F. Sater, executor of estate.

**OPINION**

By BARNES, J.

It is a cardinal principle that in construction of wills it is always essential to ascertain the intent of the testator. If by giving the language used the plain ordinary meaning, the intent is manifest, rules and precedents become valueless. We have that exact situation in the instant case. The testatrix under Item XIV of her will

very clearly and positively said that the bequests thereunder are what is left. Quoted literally the language is as follows:

"All the rest, residue and remainder of my estate."

This is not a specific bequest of the real estate but just as it says, "all the rest, residue and remainder." The rest, residue and remainder is ascertained by deducting what has previously been given. The amount previously given was $50,300.00. The language used in making the special bequests was adequate to charge the real estate in the absence of specific bequests of such real estate.

The power to sell is authorized by §10817, GC, which reads as follows:

"Sec 10817 GC. SALE FOR THE PAYMENT OF LEGACIES. When a testator has given a legacy by will that is effectual to pass or charge real estate and his personal estate is insufficient to pay such legacy together with his debts, the allowance to the widow and children and the cost of administration, the executor or administrator with the will annexed, may be ordered to sell his real estate for that purpose in the manner and upon the terms and conditions prescribed herein for the payment of debts."

Support for this holding is found in the case of Moore, Executor, v Beckwith, 14 Oh St, 129. The syllabus reads as follows:

"Where a testator, by his will devises a house and lot to his wife for life, in lieu of dower, and also gives to her certain pecuniary legacies and specific articles of personalty; gives a pecuniary legacy to one of his sons; gives to an infant daughter the sum of fifteen hundred dollars, to be paid to her when she arrives at the age of majority; the interest thereon to be paid annually after' his 'decease, for her support and education until she arrives at the age of majority;' and there being no other provision in the will. for the daughter; and then devises all the residue of his estate, both real and personal, to his sons; and the personal assets of the estate having proved to be insufficient to pay both debts and legacies; Held, That the payment of the daughter's legacy was properly chargeable upon the residuary real estate."

We also refer to the case of of Knepper v Knepper, 103 Oh St, 529, Syllabus 1:

"1. The intention of the testator to charge legacies on real estate specifically devised must clearly appear or be clearly deducible from the language of the will. But it is not necessary that the charge shall be made in express terms or that any particular language be used. The intention to charge will be given effect when it clearly appears from the provisions of the instrument."

It will be observed in the reported case that the real estate was specifically devised and yet the Supreme Court in that case held that such real estate was charged with the legacies. This holding was by reason of the court's construction of the will that such was the manifest intent of the testator. As a general proposition legacies are not charged against other specific bequests.

The exception to this rule is where the testamentary intent to make such charge is manifest. In the case of Koontz v Hudley, 111 Oh St, 414, there was a specific bequest of the real estate sought to be charged and in that case the testatrix specifically stipulated that the devisees should receive it in settlement of certain claims. The syllabus in this reported case makes the very broad statement that legacies are not made a charge against real estate unless it appears that the testator knew that he had insufficient personal property out of which to pay such legacies. If this syllabus is read in the light of the facts under consideration, then there would be found no conflict in the reported cases of this and other jurisdictions.

In Volume 42 A.L.R., 683, the Koontz case, supra, is criticized. It is pointed out that the general rule is not accurately stated.

The Supreme Court of Ohio has very frequently called attention to the principle that the syllabus in a reported case must always be read in the light of the facts.

In the case of Theobald v Fugman, 64 Oh St, 473, legacies were charged against devised real estate.

The real estate being especially devised at once raises the question as to whether or not something is to be taken therefrom. To determine this question it is necessary to know the surrounding circumstances and search the will for intent of the testator. It would seem clear that if the testator had no personal property that he must have intended to charge the special bequests against the specially devised real estate.

This is exactly the reasoning of Judge Speer in the Theobald case, supra, page 483 and 484 of the opinion:

"A controlling fact bearing upon the effect to be given these items of the will is that the testatrix had at the time of making

of the will and at her decease no personal property out of which these legacies could be paid and this fact it must be presumed was known to her. To conclude that she did not intend to charge payment of the legacies upon the real estate is to conclude that she did not intend they should be paid at all and would make the will in those particulars an idle ceremony."

The instant case is readily distinguishable in that the real estate was not specifically bequeathed. We do not have the situation where the testatrix specifically gives away the real estate and then there is drawn the question as to whether or not legacies may be charged against it. In the instant case the language is broad enough to clearly show that the testatrix expected the legacies to be paid in full and there is nothing to indicate that they should not be made a charge against the real estate. On the other hand the intent is manifest that they should be a charge if necessary. This manifest intent appears under §XIV of the will wherein the testatrix says, "All the rest, residue and remainder of my estate."

The intent of the testatrix being manifest from the language used there remains no room for construction. The will speaks for itself.

We find no prejudicial error in the rulings, orders, findings and judgment of the court below. The judgment will be affirmed, and costs taxed against plaintiffs in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.